## JAMES READ *et al. versus* WILLIAM A. HATCH.

An action for fraudulently recommending a trader as in good credit, by means whereof the plaintiff was induced to sell him goods on credit and thereby sustained damage, is not embraced in the provision in Revised Stat. *c.* 93, § 7, that "actions of trespass and trespass on the case for damage done to real or personal estate" shall survive.

THIS was an action on the case, brought by the plaintiffs, merchants in Boston, against the defendant, who resided in Bangor, Maine, charging that the defendant falsely and fraudulently recommended another person as a trader in good credit and worthy to be intrusted with goods, by means of which the plaintiffs were induced to sell him goods on credit and thereby sustained damage.

At or before March term 1836, the defendant pleaded in abatement the pendency of an action for the same cause, in the State of Maine ; to which plea there was a general demurrer ; and the cause then stood for argument.

Subsequently to the 1st of May, 1836, (when the Revised Statutes took effect,) the defendant died, and the plaintiffs moved to cite in his administrator.

*Morey*, for the plaintiffs, contended that the action survived, *March 15th.* by virtue of Revised Stat. *c.* 93, § 7, which provides that "actions of trespass and trespass on the case for damage done to real or personal estate" shall survive. The object was to create a survivorship of action, in all cases of special damage to person or property. 1 Chit. Pl. (5th Lond. ed.) 151 to 157 ; 2 Chit. Pl. (same ed.) 679 *et seq.* No greater injury could be done to the plaintiffs' property, than getting it out of their possession and control by fraud.

*S. D. Parker*, as *amicus curiæ, contrà.*

SHAW C. J. The question whether the plaintiffs can cite *March 20th* in an administrator and proceed with their action, depends on Revised Stat. *c.* 93, § 7. It is contended that a false representation, by which one is induced to part with his property, by a sale on credit to an insolvent person, by means of which he is in danger of losing it, is a damage done to him in respect to his personal property. But we are of opinion that this

would be a forced construction, and not conformable to the intent of the statute. If this were the true construction, then every injury by which one should be prevented from pecuniary gain, or subjected to pecuniary loss, would, directly or indirectly, be a damage to his personal property. But we are of opinion that it must have a more limited construction, and be confined to damage *done* to some specific personal estate, of which one may be the owner. A mere fraud or cheat, by which one sustains a pecuniary loss, cannot be regarded as a damage done to personal estate.

The action is abated at common law, by the death of the defendant, and not surviving by force of the statute, must be deemed to stand abated.